# IN THE COURT OF APPEALS OF IOWA

No. 23-0584
Filed April 9, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ROBERT GLEN HALL,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Page County, Greg W. Steensland,

Judge.


        A defendant appeals his conviction for operating a motor vehicle while

intoxicated. **AFFIRMED.**


        Brian Scott Munnelly, Omaha, Nebraska, for appellant.

        Brenna Bird, Attorney General, and Joshua A. Duden, Assistant Attorney

General, for appellee.


        Considered without oral argument by Badding, P.J., Buller, J., and Vogel,

S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2025).

**VOGEL, Senior Judge.**

In the early hours of April 14, 2022, Robert Hall was pulled over by a police officer for not having a working passenger side tail lamp or plate lamps. When the officer approached the vehicle, she noticed Hall's pupils were constricted. The officer performed field sobriety tests and Hall struggled to follow directions—he could not keep his head still, keep his arms at his sides, or remain in the starting position for the walk-and-turn test. Hall also could not stand on one leg for three seconds. Throughout the testing, the officer observed Hall having leg tremors. Based on Hall's performance, the officer arrested him for operating while intoxicated.

Hall was driven to the county jail, where breath testing confirmed Hall had no alcohol in his system. Hall then consented to provide a urine sample to test for controlled substances. The toxicology report showed Hall's urine contained methamphetamine and amphetamine. Hall was charged with operating while intoxicated, a serious misdemeanor, in violation of Iowa Code section 321J.2 (2022). After a one-day trial, the jury found Hall guilty as charged. Hall now appeals, arguing insufficient evidence supports his conviction.[1]

We review sufficiency-of-the-evidence claims for legal error. *State v. Schooley*, 13 N.W.3d 608, 614 (Iowa 2024). "We defer to the jury's verdict as long as it is supported by substantial evidence sufficient to convince a rational trier of

---

[1] Hall also argues for a new interpretation of Iowa Code section 321J.2(1)(c) and asks that we overrule *State v. Comried*, 693 N.W.2d 773 (Iowa 2005). Because Hall never made his statutory-interpretation argument to the district court, nor can we overturn supreme court precedent, we do not reach these issues. *See State v. Bynum*, 937 N.W.2d 319, 324 (Iowa 2020); *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014).

fact the defendant is guilty beyond a reasonable doubt." *Id.* (cleaned up). Throughout our review, we consider the evidence "in the light most favorable to the State," favorably making "all legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence." *Id.* (cleaned up).

Hall argues that, under section 321J.2, the State was required to prove he operated his vehicle while "under the influence" of a controlled substance, and there is insufficient evidence to show he drove under the influence that evening. However, Hall both misreads the statute and overlooks the law of the case. First, a person "commits the offense of operating while intoxicated if the person operates a motor vehicle . . . [w]hile *any amount* of a controlled substance is present in the person, as measured in the person's blood or urine." Iowa Code § 321J.2(1)(c) (emphasis added). Thus, the proof required under the statute to show Hall drove "under the influence" was a finding that any amount of a controlled substance was present. Second, uncontested jury instructions become the law of the case. *Schooley*, 13 N.W.3d at 615. Here, the jury was instructed—without objection by Hall—it could convict Hall if he "operated a motor vehicle" and "had any amount of a controlled substance present, as measured in the defendant's blood or urine." Accordingly, the jury instructions similarly only required the State to prove that Hall had any amount of a controlled substance present in his system while driving.

Because the State proved methamphetamine and amphetamine were present in Hall's urine, substantial evidence supports the jury's verdict. *See State v. Comried*, 693 N.W.2d 773, 778 (Iowa 2005) (holding "any amount" of a controlled substance "means any amount greater than zero").

**AFFIRMED.**